UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RAY CLARENCE ROGERS,<br><br>                              Plaintiff,<br><br>    v.<br><br>EDWARD NORMAN, *et al.*,<br><br>                            Defendants. | Case No. C24-1465-MJP-MLP<br><br>ORDER DECLINING TO SERVE COMPLAINT AND GRANTING LEAVE TO AMEND |

## I.    INTRODUCTION

This is a civil rights action proceeding under 42 U.S.C. § 1983. Plaintiff Ray Rogers is currently confined at the King County Jail ("the Jail") in Seattle, Washington. He has submitted to the Court for filing a civil rights complaint under 42 U.S.C. § 1983, and an application to proceed with this action *in forma pauperis* ("IFP"). (*See* dkt. ## 1, 1-1 ). Plaintiff's application to proceed IFP has been granted by way of a separate Order. The Court has now screened Plaintiff's proposed complaint (dkt. # 1-1) in accordance with 28 U.S.C. § 1915A(a) and has identified deficiencies Plaintiff must correct if he wishes to proceed with this action. The Court therefore declines to direct that Plaintiff's proposed complaint be served but grants him leave to file an amended complaint curing the deficiencies identified below.

ORDER DECLINING TO SERVE COMPLAINT
AND GRANTING LEAVE TO AMEND - 1

## II. BACKGROUND

### A. Plaintiff's Claims

Plaintiff's proposed complaint contains two counts in which he alleges unconstitutional action and/or inaction by King County and ten Jail employees/officials. (Dkt. # 1-1.) The Jail employees/officials named as Defendants in Plaintiff's proposed pleading include: Food Service Supervisor Edward Norman; Registered Dietician Barbara Wakeen; Mail and Records Department Supervisor Andrea Williams; Inmate Management and Services Supervisor Janaé Moses-Shepard; Records/Mail Department staff members Michael Vernon and Jane Doe; Director Allen Nance; Commander Michael Taylor; Major Troy Bacon; and Gregg Curtis.[1] (*See id.* at 3-4, 6-9.)

Plaintiff alleges in the first count of his proposed complaint that Defendants Norman, Wakeen, Nance, Bacon, Taylor, Curtis, Moses-Shepard, and King County violated his First and Fourteenth Amendment rights, and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), when they "subjected [him] to dietary meals that are not in conformity with Plaintiff's sincerely held religious belief." (Dkt. # 1-1 at 10-11.) Though Plaintiff's complaint is not a model of clarity, the gravamen of his first count appears to be that: (1) he is adherent of the religion House of Yaweh; (2) he requested he be provided kosher meals as House of Yaweh dietary laws are consistent with Jewish dietary laws; (3) he was approved to receive kosher meals; and (4) he has yet to receive any kosher meals since his request for a religious diet was approved. (*See* dkt. # 1-1 at 14-32.)

---

[1] The Defendants listed by Plaintiff in the caption of his complaint (*see* dkt. # 1-1 at 3-4) are not identical to the Defendants identified in the Defendant Information section of his complaint (*see id.* at 6-9). Plaintiff must ensure that all intended Defendants are listed in both the caption of any amended pleading and in the Defendant Information section of the pleading.

ORDER DECLINING TO SERVE COMPLAINT
AND GRANTING LEAVE TO AMEND - 2

According to Plaintiff the "lunch meat" is the only thing on the menu identified as kosher, but he cannot determine if it is actually kosher because it has been removed from its original packaging and, in any event, removal of the meat from its packaging means it has been handled by others who are not followers of Yahweh dietary laws, which renders it unclean. (Dkt. # 1-1 at 21, 24.) Plaintiff also complains that the meat smells as if it is spoiled and he has been to medical several times because the meat made him sick. (*See id*. at 24.) Plaintiff asserts as well that breakfast and dinner menus are comprised of non-kosher items and/or he cannot determine if the items are kosher, and he further asserts that the Jail does not have a kosher kitchen that allows proper preparation of kosher foods. (*See id.* at 22, 25-26.)

Plaintiff alleges in count two of his proposed complaint that Defendants Williams, Nance, Vernon, Doe, and King County violated his First, Fourth, Sixth and Fourteenth Amendment rights when they implemented a new legal mail policy that requires corrections staff to open Plaintiff's legal mail in front of him and then scan the documents into an electronic device so that the documents can be copied and re-printed, with the re-printed copies then being provided to Plaintiff while the original copies are shredded. (*See* dkt. # 1-1 at 33-34, 38.) Plaintiff contends that he voiced objections to this policy because the electronic device used to scan documents is equipped with technology that includes memory capabilities, thus allowing Jail staff to access his legal documents outside his presence, but his objections were ignored. (*Id.* at 39.)

Plaintiff asserts that he has, on occasion, refused his legal mail and asked that it be sent back, apparently so the mail will not be processed in accordance with the new policy. (*Id*.) Plaintiff also asserts that on one occasion, he complied with the process but after the mail was opened, he told staff he did not want the mail and staff informed him the mail had to be copied

ORDER DECLINING TO SERVE COMPLAINT
AND GRANTING LEAVE TO AMEND - 3

anyway. (*Id.*) Plaintiff asserts that on another occasion he advised staff he would take just some of his legal mail, because he had received "ample legal mail," and the rest could be returned, but he was told he had to allow all of his mail to be scanned and copied or he could not receive any of it. (*Id.*) Plaintiff claims that this forced him to allow his legal mail to be scanned and copied. (*Id.*) Finally, Plaintiff asserts that after he started submitting grievances and other formal complaints about the legal mail process, he began to receive his legal mail already opened and copied without his consent and outside his presence. (Dkt. # 1-1 at 41.)

### B.    Relief Requested

Plaintiff seeks relief in the form of a declaratory judgment declaring that the acts and omissions complained of violated his constitutional rights. (Dkt. # 1-1 at 48.) Plaintiff seeks preliminary and permanent injunctions ordering that Defendants provide him: (1) "nutritiously and adequately wholesome" kosher meals that meet the requirements of Jewish dietary law and include kosher meat equivalent to the amount included in the standard diet; (2) kosher meals that include kosher meat at dinner on the Sabbath; (3) appropriate kosher meals "for any and all holidays within the Old Testament"; and (4) copies of pre-planned kosher menus which include a nutritional analysis of the menus. (*Id.* at 49-50.) Plaintiff also seeks preliminary and permanent injunctions ordering Defendants to: (1) immediately cease scanning and copying his legal mail; and (2) cease opening and scanning his legal mail outside his presence. (*Id.* at 51.) Finally, Plaintiff seeks compensatory and punitive damages against the individual Defendants. (*Id.* at 53.)

### III.    DISCUSSION

#### A.    Legal Standards

Under the Prison Litigation Reform Act of 1996, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity, officer, or

employee. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

Rule 8(a) of the Federal Rules of Civil Procedure provides that in order for a pleading to state a claim for relief it must contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought. The statement of the claim must be sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The factual allegations of a complaint must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In addition, a complaint must allege facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In order to sustain a cause of action under 42 U.S.C. § 1983, a plaintiff must show that (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The causation requirement of § 1983 is satisfied only if a plaintiff demonstrates that a defendant did an affirmative act, participated in another's affirmative act, or omitted to perform an act which he or she was legally required to do that caused the deprivation complained of. *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981) (citing *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978)).

"The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988). Vicarious liability may not be imposed on a supervisory employee for the acts of their subordinates in an action brought under § 1983. *Lemire v. California Dep't of Corrs. & Rehab.*, 726 F.3d 1062, 1074 (9th Cir. 2013). A supervisor may, however, be held liable under § 1983 "if he or she was personally involved in the constitutional deprivation or a sufficient causal connection exists between the supervisor's unlawful conduct and the constitutional violation." *Jackson v. City of Bremerton*, 268 F.3d 646, 653 (9th Cir. 2001).

A local government unit or municipality can be sued as a "person" under § 1983. *Monell v. Dept. of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978). However, a municipality cannot be held liable under § 1983 solely because it employs a tortfeasor. *Id*. A plaintiff seeking to impose liability on a municipality under § 1983 must identify a municipal "policy" or "custom" that caused his or her injury, and must demonstrate that the municipality, through its deliberate conduct, was the "moving force" behind the injury alleged. *Bryan Cty. Comm'rs v. Brown*, 520 U.S. 397, 403-404 (1997) (citing *Monell*, 436 U.S. at 694).

**B.     Deficiencies**

Plaintiff's proposed complaint is generally deficient because it does not comply with the requirements of Rule 8(a). Plaintiff's pleading does not contain a short and plain statement of his claims. Instead, Plaintiff's pleading is unnecessarily long, convoluted, contains numerous redundancies, and lacks sufficient clarity and specificity to give each named Defendant fair notice of the nature of Plaintiff's claims against them and the grounds upon which each claim rests.

ORDER DECLINING TO SERVE COMPLAINT
AND GRANTING LEAVE TO AMEND - 6

Plaintiff's proposed complaint also fails to satisfy the standards set forth above for claims asserted under § 1983. Plaintiff identifies ten individual Defendants in his proposed complaint, but he fails to adequately connect each of those individuals to the harm he claims he suffered. Plaintiff alleges claims against groups of Defendants, but then fails to describe with specificity the actions undertaken by each individual that he believes gives rise to a viable constitutional claim. As noted above, the inquiry into causation must be individualized and must focus on the duties and responsibilities of each individual Defendant. *See Leer*, 844 F.2d at 633. Plaintiff's allegations are too generalized to demonstrate that each named Defendant personally participated in causing him harm of federal constitutional dimension. Similarly, with respect to Defendant King County, Plaintiff fails to clearly identify the custom or policy that he claims caused his alleged injuries, and he fails to set forth clear, concise, and specific facts demonstrating that the County, through its deliberate conduct, was the moving force behind the injuries alleged.

With respect to the second count of Plaintiff's complaint, the Court observes that Plaintiff asserts that the legal mail process at the Jail violates his rights under the First, Fourth, Sixth, and Fourteenth Amendments, and he specifically references his rights to be free from retaliation and from unlawful search and seizure, and his rights to free speech, confidentiality, equal protection, and due process. (*See* dkt. # 1-1 at 33-35.) However, Plaintiff fails to explain how the multitude of facts alleged in his second count satisfy the independent standards for each of the constitutional violations he claims to have suffered. If Plaintiff wishes to pursue multiple constitutional claims relating to his legal mail issues, he must set forth each alleged constitutional violation in a separate count of his complaint, he must name the Defendants he believes violated each identified right, and he must set forth clear, concise, and specific facts

ORDER DECLINING TO SERVE COMPLAINT
AND GRANTING LEAVE TO AMEND - 7

demonstrating that each named Defendant personally participated in the violation of each identified right.[2]

### IV.  CONCLUSION

Because of the deficiencies identified above, the Court declines to direct that Plaintiff's complaint be served on Defendants. However, Plaintiff is granted leave to file an amended complaint curing the noted deficiencies within **_thirty (30) days_** of the date on which this Order is signed. Plaintiff must ensure that the amended complaint carries the same case number as his original complaint. If no amended complaint is timely filed, or if Plaintiff fails to correct the deficiencies identified above, the Court will recommend that this action be dismissed pursuant to 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B).

Plaintiff is advised that an amended pleading operates as a *complete* substitute for an original pleading. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (citing *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990) (as amended)). Thus, any amended complaint must clearly identify each intended Defendant, the constitutional claim(s) asserted against each Defendant, the specific facts which Plaintiff believes support each claim, and the specific relief requested.

The Clerk is directed to send Plaintiff the appropriate forms so that he may file an amended complaint. The Clerk is further directed to send copies of this Order to Plaintiff and to the Honorable Marsha J. Pechman.

---

[2] Plaintiff should keep in mind that the definition of legal mail is relatively narrow. For example, while mail from a prisoner's lawyer is considered legal mail, mail from the courts is not. *See Keenan v. Hall*, 83 F.3d 1083, 1094 (9th Cir. 1996). Additionally, the Ninth Circuit has concluded that mail from public agencies, public officials, civil rights groups, and news media may be opened outside a prisoner's presence in light of security concerns. *See also Mann v. Adams*, 846 F.2d 589, 590–91 (9th Cir. 1988). Thus, Plaintiff should identify in any amended pleading the specific types of mail he claims was improperly opened and copied outside his presence.

DATED this 23rd day of October, 2024.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER DECLINING TO SERVE COMPLAINT
AND GRANTING LEAVE TO AMEND - 9