UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RAY CLARENCE ROGERS,

        Plaintiff,

v.

TROY BACON, *et al.*,

        Defendants.

Case No. C24-1465-MJP-MLP

ORDER DENYING PLAINTIFF'S MOTIONS FOR COPIES AND FOR AN ORDER DIRECTING DEFENDANTS TO IDENTIFY A DOE DEFENDANT

## I.    INTRODUCTION

This is a civil rights action proceeding under 42 U.S.C. § 1983. This matter comes before the Court on Plaintiff's motions for an order directing the Clerk to provide him a copy of his amended complaint (dkt. # 21), and for an order directing Defendants to identify a Doe Defendant so the Defendant may be served (dkt. # 36). Defendants did not respond to Plaintiff's motion for copies and any response to Plaintiff's recently filed motion to identify a Doe Defendant is not yet due. The Court, however, does not deem any response necessary and it will therefore proceed to disposition of both of Plaintiff's motions at this time.

ORDER DENYING PLAINTIFF'S MOTIONS
FOR COPIES AND FOR AN ORDER DIRECTING
DEFENDANTS TO IDENTIFY A DOE DEFENDANT- 1

## II. DISCUSSION

### A. Motion for Copies

Plaintiff requests in the instant motion that he be provided a copy of his amended complaint free of charge. (*See* dkt. # 21.) Plaintiff asserts that the King County Correctional Facility ("KCCF") has a written policy that prohibits pretrial detainees from having access to photocopy services and he was therefore unable to obtain a copy of the pleading before mailing it to the Court for filing. (*Id.* at 2-3.) He further asserts that he is indigent and therefore cannot afford to pay the fees charged by the Clerk of this Court for copies of filed documents. (*Id.* at 1.) Plaintiff maintains that since the Court has directed service of his amended complaint on Defendants, he should also be provided a copy of the pleading so that all parties, and the Court, will be able to reference the same filed documents. (*Id.* at 3.)

On October 30, 2024, shortly after this Court issued its Order declining to serve Plaintiff's original complaint and granting him leave to file an amended complaint (dkt. # 6), Plaintiff filed a motion seeking an order directing the Clerk to provide him a copy of his original complaint (dkt. # 8). Plaintiff argued then, as he does now, that he was unable to make a copy of his pleading before mailing it to the Court because KCCF has a written policy that prohibits pretrial detainees from having access to photocopy services. (*See id.* at 2.)

On November 27, 2024, this Court issued an Order granting Plaintiff's motion and directing the Clerk to send Plaintiff a copy of his original complaint. (Dkt. # 9.) The Court made clear in the Order that the fact KCCF does not provide photocopy services does not relieve him of the obligation to retain copies of his submissions, even if that means he has to prepare handwritten copies of his documents before submitting them for filing. (*Id.* at 2.) Plaintiff was

advised that any future requests for copies would have to be accompanied by the requisite copy fee. (*Id.*)

That Order was issued almost a month before Plaintiff submitted his amended complaint to the Court for filing. (*See* dkt. ## 9, 16) Thus, Plaintiff was on notice well before he filed his amended complaint that he needed to prepare his own copy of the pleading prior to submitting it to the Court for filing if he did not want to be charged for copies after the pleading was filed. Because Plaintiff was on notice that future requests for copies would not be processed absent the requisite fee, Plaintiff's request that he be provided a free copy of his amended complaint is denied.

### B.    Motion for Order Directing Defendants to Identify Doe Defendant

Plaintiff, by way of the instant motion, seeks an order directing Defendants to identify the Food Service Supervisor for the King County Department of Adult and Juvenile Detention so that this individual may be served. (Dkt. # 36.) Plaintiff indicates in his motion that he identified Edward Norman as the Food Service Supervisor in his original complaint but was unsure if that was correct so he identified the Food Service Supervisor as a Doe Defendant in his amended complaint. (*Id.* at 3.) Plaintiff suggests that he is entitled to information concerning the identity of the Food Service Manager as a part of the discovery process. (*Id.*)

The Court, in its service Order, directed service of Plaintiff's amended complaint on, among others, "King County Department of Adult and Juvenile Detention Food Service Supervisor John or Jane Doe." (Dkt. # 20 at 1.) Thereafter, Edward Norman returned a service waiver on which he identified himself as "Food Service Supervisor III." (*See* dkt. # 30.) It thus appears that the relevant individual has been served in this action. It is unclear from Plaintiff's motion whether he is simply unaware that Edward Norman returned the service waiver directed

to the Food Service Supervisor, or whether he believes that there may be another Food Service Supervisor who is a more appropriate Defendant.

Regardless, Plaintiff's motion must be denied. If Plaintiff is satisfied that Edward Norman is the individual identified as a Doe Defendant in his amended complaint, then his motion is moot. If Plaintiff believes there may be another, more appropriate, Defendant whom he wishes to identify through discovery, then his motion is simply improper. Discovery must be conducted in accordance with the rules of discovery as set forth in Rules 26-37 of the Federal Rules of Civil Procedure, not through motion practice. Moreover, pursuant to Rule 5(d)(1) of the Federal Rules of Civil Procedure, discovery requests and responses thereto are not to be filed with the Court until they are to be used in the proceeding or until the Court orders that they be filed. As it appears the purpose of Plaintiff's motion is simply to obtain discovery, it is not properly before the Court and must be denied.

### III.    CONCLUSION

Based on the foregoing, the Court hereby ORDERS as follows:

(1)    Plaintiff's motion for an order directing the Clerk to provide him a copy of his amended complaint (dkt. # 21) is DENIED. Plaintiff may obtain a copy of the amended complaint by submitting a request to the Clerk of Court together with the requisite copy fee.

(2)    Plaintiff's motion for an order directing Defendants to identify a Doe Defendant so the Defendant may be served (dkt. # 36) is also DENIED.

(3)    The Clerk is directed to send copies of this Order to the parties and to the Honorable Marsha J. Pechman.

//

//

ORDER DENYING PLAINTIFF'S MOTIONS
FOR COPIES AND FOR AN ORDER DIRECTING
DEFENDANTS TO IDENTIFY A DOE DEFENDANT- 4

DATED this 25th day of March, 2025.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER DENYING PLAINTIFF'S MOTIONS
FOR COPIES AND FOR AN ORDER DIRECTING
DEFENDANTS TO IDENTIFY A DOE DEFENDANT- 5