UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RAY CLARENCE ROGERS,

                Plaintiff,

   v.

TROY BACON, *et al.*,

                Defendants.

Case No. C24-1465-MJP-MLP

REPORT AND RECOMMENDATION

## I.    INTRODUCTION

This is a civil rights action proceeding under 42 U.S.C. § 1983. Plaintiff is currently confined at the Maleng Regional Justice Center ("MRJC") in Kent, Washington. (*See* dkt. # 16 at 3.) The claims asserted in this action appear to arise out of Plaintiff's confinement at both the MRJC and the King County Correctional Facility ("KCCF") in Seattle, Washington.[1] (*See* dkt. # 16 at 10, 26, 40.) This matter is now before the Court on the motion of Defendant Barbara Wakeen to dismiss the claim against her in this action on the grounds that it is frivolous under 28 U.S.C. § 1915(e)(2). (Dkt. # 43.) Plaintiff has filed a response opposing Defendant's motion (dkt. # 50), and Defendant has filed a reply in support of her motion (dkt. # 53).

---

[1] Plaintiff, in his amended complaint, refers to these two facilities collectively as the "King County Jail." (*See* dkt. # 16 at 10, 26, 40.)

REPORT AND RECOMMENDATION
PAGE - 1

The Court, having considered Plaintiff's amended complaint, Defendant Wakeen's motion to dismiss, all briefing of the parties, and the governing law, concludes that Defendant's motion should be denied.

## II. BACKGROUND

On September 3, 2024, Plaintiff submitted to the Court for filing his original civil rights complaint and an application to proceed with this action *in forma pauperis*. (Dkt. ## 1, 1-1.) Plaintiff's application to proceed *in forma pauperis* was subsequently granted and his original complaint was filed. (*See* dkt. ## 4-5.) The Court, however, declined to serve Plaintiff's complaint because of deficiencies in that pleading, and granted him leave to file an amended complaint. (Dkt. # 6.) On December 26, 2024, Plaintiff filed an amended complaint which is the operative complaint in this action. (Dkt. # 16.)

Plaintiff's amended complaint sets forth three claims alleging unconstitutional action and/or inaction by King County, nine King County Jail employees/officials, and Barbara Wakeen, a registered dietician who provides contract services to the King County Department of Adult and Juvenile Detention ("DAJD"). At issue here is the claim set forth in the first count of Plaintiff's amended complaint. Plaintiff alleges therein that his First and Fourteenth Amendment rights, and his rights under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), were violated when Defendants failed to ensure that he was provided religious dietary meals that met the requirements of his religion. (*See* dkt. # 16 at 8-25.)

Plaintiff asserts that he is an adherent of the religion House of Yaweh and sincerely believes he must obey Yaweh laws, which includes keeping a kosher diet. (Dkt. # 16 at 12.) Plaintiff further asserts that in May 2024 King County Jail officials granted final approval of his request to receive kosher dietary meals for religious purposes. (*Id.* at 13.) Plaintiff complains,

REPORT AND RECOMMENDATION
PAGE - 2

however, that once he started receiving the new diet, he discovered the kosher meals merely combined the standard diet meal and the vegan/vegetarian diet meal, with vegan/vegetarian or soy-meat items being substituted for any meat included in the standard meal. (*Id.* at 13-14.) Plaintiff claims that the Laws of Yahweh require he consume kosher meat, fish and poultry in order to receive salvation and Yahweh blessings, and that the substituted vegan/vegetarian and soy-meat items did not suffice to satisfy his religious dietary requirements. (*See id.* at 13-15.) Plaintiff alleges Defendant Wakeen had final decision-making authority over the menu for the kosher religious diet and that she was responsible for the improper substitution of vegan/vegetarian and soy-meat menu items for kosher meat, fish, and poultry. (*Id.* at 21.)

Defendant Wakeen argues in her motion to dismiss that the claim asserted against her here mirrors the claim asserted against her in another pending action, *Rogers v. Curtis*, Case No. C23-1034-DGE-GJL, and that the redundant nature of the instant action renders it frivolous under § 1915(e)(2). (Dkt. # 43.) The earlier action was filed by Plaintiff in July 2023 while he was confined at KCCF. *See Rogers*, C23-1034-DGE-GJL, dkt. # 1. In May 2024, Plaintiff submitted an amended complaint in that action, and the Court authorized the filing of the amended pleading in July 2024. *See id.*, dkt. ## 105, 105-1, 115, 116. The amended complaint named KCCF's "Certified Dietitian" as a defendant, and that individual was subsequently identified as Barbara Wakeen, MA, RDN, LD, CD, CCFP, CCHP, of Correctional Nutrition Consultants. *See id.*, dkt. # 116 at 6, dkt. # 121.

Among the allegations contained in Plaintiff's amended complaint in C23-1034-DGE-GJL was that Ms. Wakeen, among others, violated Plaintiff's rights under the Fourteenth Amendment and the Americans with Disabilities Act ("ADA") in relation to the meals he was being provided at KCCF. *Rogers*, C23-1034-DGE-GJL, dkt. # 116 at 24-40. Plaintiff asserted

that he had been prescribed a low sodium and mechanical soft diet to address various medical conditions, and that the meals he was provided were unhealthy, monotonous, and not nutritionally adequate. *Id.*, dkt. # 116 at 28-31, 37-39. Plaintiff claimed that the meals posed a serious risk of harm to his health in light of his pre-existing medical conditions. *See id.* While Plaintiff's amended complaint was somewhat unclear as to when these alleged violations occurred, the pleading as a whole appears to have arisen out of events that occurred at KCCF throughout 2023. *See id.*, dkt. # 116.

### III. DISCUSSION

Under 28 U.S.C. 1915(a) a federal court may authorize the commencement of a civil action without the prepayment of fees, *i.e., in forma pauperis*, upon the submission by a litigant of an affidavit stating, *inter alia*, that he is unable to pay the costs of the lawsuit. However, the statute also provides that a federal court must dismiss a case filed *in forma pauperis* "at any time if the court determines" that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984), *abrogated on other grounds by Neitzke v. Williams*, 490 U.S. 319 (1989). The Ninth Circuit has recognized that an *in forma pauperis* complaint may be dismissed as frivolous if the Plaintiff's claims are redundant. *Hernandez v. Denton*, 861 F.2d 1421, 1426 (9th Cir. 1988), *rev'd on other grounds*, 504 U.S. 25 (1992); *see also Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987).

Defendant Wakeen argues that the claim asserted against her in this action is redundant, and therefore frivolous, because it arises out of the same series of events and facts already under

review in case C23-1034-DGE-GJL. (Dkt. # 43 at 3-5.) Defendant asserts that in both this case and the earlier filed case, Plaintiff asks the Court for relief based on meals Plaintiff received while incarcerated at KCCF, with the only distinguishing factor being the legal basis upon which he brings the claims. (*Id.* at 5.) Defendant maintains that while Plaintiff may seek redress for any alleged violation of his constitutional rights, he "is not entitled to waste judicial resources by litigating the same series of events and facts in two courtrooms simultaneously." (*Id.*)

Plaintiff argues in response to Defendant's motion that at the time he added Defendant Wakeen to case C23-1034-DGE-GJL, he had not yet been approved to receive a kosher diet. (Dkt. # 50 at 3.) Plaintiff asserts that he was approved to receive kosher meals on May 22, 2024, after he filed his amended complaint in case C23-1034-DGE-GJL on May 20, 2024, and that it was after he was approved to receive the religious meals that he was subjected to a new series of events giving rise to different constitutional claims based on new and different facts. (*See id.* at 3-4.) Plaintiff also asserts that he was precluded by Court order from amending his claims in case C23-1034-DGE-GJL to add religious claims, which necessitated the filing of a new complaint. (*Id.* at 4.) Finally, Plaintiff notes that Defendant Wakeen has now been granted summary judgment in case C23-1034-DGE-GJL and, thus, is no longer a defendant in two pending actions. (*Id.*)

Defendant, in her reply, argues that Plaintiff's opposition does not dispute that the instant action arises out of the same series of events and facts as the claims asserted in C23-1034-DGE-GJL, and that this action is therefore properly dismissed as frivolous as to her. (*See* dkt. # 53.)

In fact, as noted above, Plaintiff does dispute that the instant action arises out of the same series of events and facts as the claims asserted in his earlier action, and this Court concurs. The events giving rise to the instant action were set in motion upon the approval of Plaintiff's request

to receive kosher meals, which occurred after Plaintiff filed his amended pleading in case C23-1034-DGE-GJL. Moreover, Plaintiff's claim that the meals he received after May 22, 2024, did not satisfy the requirements of his religion, and therefore violated his rights under the First Amendment and RLUIPA, is substantively different than the claims asserted in case C23-1034-DGE-GJL, where he complained that the meals that comprised his special medical diet were monotonous and unhealthy.

The Court is not persuaded that the religious meal claim asserted against Defendant Wakeen in this action is redundant of the claims asserted in Plaintiff's earlier action, or that it would have been feasible or appropriate for Plaintiff to have asserted the claim in the earlier action. This Court therefore concludes that the instant action is not frivolous as to the claims asserted against Defendant Wakeen and that her request to dismiss the case against her on such grounds should be denied.

### IV.   CONCLUSION

Based on the foregoing, this Court recommends that Defendant Wakeen's motion to dismiss (dkt. # 43) be DENIED. A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may be filed by **the day before the noting date**. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **September 2, 2025**.

DATED this 12th day of August, 2025.

MICHELLE L. PETERSON
United States Magistrate Judge