UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RAY C. ROGERS,

Plaintiff,

v.

EDWARD NORMAN, *et al.*,

Defendants.

Case No. C24-1465-LK-MLP

ORDER STRIKING PENDING MOTIONS AND DIRECTING KING COUNTY DEFENDANTS TO FILE AN ANSWER

This is a *pro se* civil rights action proceeding under 42 U.S.C. § 1983. Plaintiff is currently in the custody of the Washington Department of Corrections. However, Plaintiff filed this action in September 2024, while he was confined at the King County Correctional Facility as a pretrial detainee. (Dkt. # 1). The operative complaint in this action is Plaintiff's amended complaint which was filed in December 2024. (Dkt. # 16.) Plaintiff identified therein three claims for relief alleging unconstitutional action and/or inaction by King County, nine King County Jail employees/officials, and Barbara Wakeen, a registered dietician who provides contract services to the King County Department of Adult and Juvenile Detention ("DAJD"). (*Id.*)

Plaintiff's amended pleading was served on Defendants in February 2025 (*see* dkt. ## 19-20), Defendants thereafter filed motions to dismiss (dkt. ## 35, 38). On August 12, 2025, the undersigned issued a Report and Recommendation that Defendant Wakeen's motion to dismiss be denied (dkt. # 57), and U.S. District Judge Marsha J. Pechman issued an Order adopting the Report and Recommendation on September 10, 2025 (dkt. # 60). On September 8, 2025, the undersigned issued a Report and Recommendation that the King County Defendants' motion to dismiss be granted in part and denied in part (dkt. # 58), and U.S. District Judge Lauren King issued an Order adopting in part and modifying in part that Report and Recommendation on August 24, 2026 (dkt. # 90).

While Petitioner's objections to the Report and Recommendation addressing the King County Defendants' motion to dismiss were pending before Judge King, Defendant Wakeen filed a motion for summary judgment which was noted on this Court's calendar for consideration on August 21, 2026. (Dkt. # 78.) On August 18, 2026, the Court received from Plaintiff two documents filed in response to Defendant Wakeen's motion for summary judgment (dkt. ## 85, 87), and a trio of related motions including a motion for leave to file a late response to the summary judgment motion (dkt. # 83), a motion to extend time to respond to the summary judgment motion (dkt. # 84), and a motion for the Court to take judicial notice of evidence offered in support of Plaintiff's response to the summary judgment motion (dkt. # 86). Among the arguments made by Plaintiff in support of his requests to extend the response deadline are that Defendant Wakeen's motion for summary judgment is premature because a pretrial scheduling order has not yet been issued, and that he has been prejudiced because he has not had a fair opportunity to conduct discovery, citing again the absence of a pretrial scheduling order. (*See* dkt. ## 83-84.)

Defendant Wakeen objects to Plaintiff's filings as untimely and asks that the Court (1) deny Plaintiff's request to file an untimely response to her summary judgment motion, (2) strike his filings for failure to adhere to Local Rules W.D. Wash. LCR 7(d) because he has not demonstrated excusable neglect, and (3) consider her motion for summary judgment as unopposed. (Dkt. # 88 at 1.) She requests in the alternative that the Court re-note her motion for summary judgment and grant her additional time to file a reply. (*Id.* at 1-2.)

Plaintiff is correct that no scheduling order has yet been entered in this case and, as the parties were advised in a prior Court Order, a scheduling order establishing discovery and dispositive motion filing deadlines would not be entered until the King County Defendants' motion to dismiss was resolved, something that occurred only recently. (*See* dkt. ## 72 at 2, 90.) While nothing precluded Defendant Wakeen from filing her summary judgment motion in the absence of a scheduling order, the timing of the motion has effectively preempted the standard discovery process, a process Plaintiff is entitled to engage in.[1]

As all motions to dismiss have now been resolved, the case as a whole is ready to move forward, and the Court deems it appropriate for all parties in this action to move forward on the same schedule. Accordingly, the Court hereby ORDERS as follows:

(1) All pending motions (dkt. ## 78, 83, 84, 86) are STRICKEN.

(2) The King County Defendants shall file an answer to Plaintiff's amended complaint not later than September 14, 2026.

(3) The Court shall issue in conjunction with this Order a separate Order establishing pretrial deadlines.

[1] While the Court previously advised the parties that the absence of a scheduling order did not preclude them from engaging in discovery (dkt. # 72 at 2), that advisement was not intended as a signal that they must do so.

(4) The Clerk is directed to send copies of this Order to Plaintiff, to all counsel of record, and to Judge King.

DATED this 4th day of September, 2026.

MICHELLE L. PETERSON
United States Magistrate Judge