UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RAY C. ROGERS,

Plaintiff,

v.

EDWARD NORMAN, *et al.*,

Defendants.

Case No. C24-1465-LK-MLP

ORDER RE: PLAINTIFF'S PENDING MOTIONS

This is a civil rights action proceeding under 42 U.S.C. § 1983. Plaintiff Ray Rogers is a state prisoner who is currently confined at the Airway Heights Corrections Center. The claims remaining in this case at present involve the alleged deprivation of religious meals and a challenge to the constitutionality of the King County Jail's legal mail policy. This matter is now before the Court for consideration of Plaintiff's motion for appointment of counsel (dkt. # 100), and his motion for appointment of an independent neutral expert (dkt. # 102). Defendants have filed responses opposing Plaintiff's motions (dkt. ## 104-107), and Plaintiff has filed replies in support of his motions (dkt. ## 108-111). The Court addresses each motion below.

**A. Motion for Appointment of Counsel**

Plaintiff seeks appointment of counsel in this matter, arguing that counsel should be appointed because the case involves two different types of claims against different defendants, which will require separate discovery, evidence, and witnesses. (Dkt. # 100 at 2-3.) Plaintiff claims that given these complexities, he will need to hire experts and investigators, which he will not be able to do because of his indigency. (*Id.* at 3.) He further claims that his incarceration will interfere with his ability to conduct a sufficient investigation. (*Id.*) Plaintiff asserts as well that counsel should be appointed because he intends to seek class certification with respect to his claims challenging the legal mail policy and he will not be able represent the prospective class. (*Id.* at 2, 4.) Finally, Plaintiff argues that the appointment of counsel is appropriate because he is likely to succeed on the merits of his claims. (*Id.* at 4.)

There is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983. Although the Court, under 28 U.S.C. § 1915(e)(1), can request counsel to represent a party proceeding *in forma pauperis*, the Court may do so only in exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Wilborn*, 789 F.2d at 1331.

While Plaintiff has introduced a degree of complexity into this action by alleging different types of claims against different defendants, he has demonstrated ample ability to litigate this action despite these complexities. Plaintiff has clearly articulated and argued the legal and factual basis of his claims in his submissions to the Court to date, and notably, defended two motions to dismiss with some degree of success. (*See* dkt. ## 38, 43, 50, 54, 57,

58, 60, 90.) The Court observes as well that Plaintiff's currently pending motions and related materials contain relevant arguments and citations to caselaw, further demonstrating Plaintiff's ability to litigate this action without assistance. (*See* dkt. ## 100-102, 108-111.)

Plaintiff's indigency and incarceration will, no doubt, present challenges as this case moves forward into the next phase of litigation, but Plaintiff's concerns regarding his ability to adequately investigate his case and conduct all necessary discovery are challenges typical of those faced by prisoners litigating actions from within the confines of a correctional facility, challenges which do not, by themselves, constitute extraordinary circumstances. Relatedly, Plaintiff's concerns about the need to hire experts appears speculative at this juncture and, therefore, do not constitute extraordinary circumstances. To the extent Plaintiff suggests he will seek class action status for this, he correctly acknowledges that he cannot represent any prospective class. However, no class has been certified herein and Plaintiff's plan to turn this individual action into a class action do not, without more, justify the appointment of counsel. Finally, the Court observes that the record in this action is not yet sufficiently developed for the Court to make any determination as to whether Plaintiff is likely to succeed on the merits of his claims.

Based on the information available to the Court at this juncture, this Court must conclude that Plaintiff has not demonstrated that his case involves exceptional circumstances which warrant the appointment of counsel at this time.

**B. Motion to Appoint a Neutral Expert**

Plaintiff also seeks appointment of a neutral expert to aid the Court and/or the trier of fact "in understanding Jewish dietary laws in keeping kosher . . . particularly hechsher, kashruth and kashering." (Dkt. # 102 at 1.) Federal Rule of Evidence 706 authorizes the Court to appoint an

expert. *See Walker v. Am. Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1071 (9th Cir. 1999). "The determination to appoint an expert rests solely in the court's discretion and turns upon the complexity of the matters to be determined and the need for neutral expert review." *Turner v. Ralkey*, 2021 WL 135855 at *2 (W.D. Wash. Jan. 13, 2021) (quoting *Ledford v. Sullivan*, 105 F.3d 354, 358-59 (7th Cir. 1997)). Such an appointment may, for example, be appropriate where "scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or decide a fact in issue[.]" *Slack v. Kariko*, 2022 WL 2703990, at *1 (W.D. Wash. July 12, 2022) (internal quotation marks and quoted sources omitted). However, Rule 706 "does not contemplate the appointment of, and compensation for, an expert to aid one of the parties." *Id*. (quoting *Walker v. Woodford*, 2008 WL 793413, at *1 (S.D. Cal., March 24, 2008)).

Plaintiff argues that appointment of a neutral expert is warranted here because, in a recent order, the district judge presiding over this case, "biasly [sic] and erroneously attacked the sincerity of Plaintiff's religious beliefs and falsely accused Plaintiff of being contradictive" in relation to his attempt to explain Jewish dietary laws. (Dkt. # 102 at 2-3.) Plaintiff maintains that the Court "has already admitted that the Jewish dietary laws of kashruth, hechsher, and kashering are contradictive and conflicting" and that it will therefore "be difficult for the court to make impartial decisions" without the benefit of a neutral expert in Jewish dietary laws. (Dkt. ## 108 at 2, 109 at 3.) This Court perceives no such admission in the order to which Plaintiff refers. (Dkt. # 90.) While the order does, in fact, identify contradictions in Plaintiff's *allegations* concerning his religious diet, as those allegations are set forth in his amended complaint (dkt. # 16), there is no suggestion in the Court's order that it found the Jewish dietary laws themselves to be unduly confusing or conflicting (*see* dkt. # 90 at 6-10).

Moreover, Plaintiff makes no effort to explain, independently of his criticism of the Court's order, how appointment of an expert will assist the Court or the trier of fact. Plaintiff has not demonstrated that his religious dietary claims are overly complex, and it appears from the current record that Plaintiff may merely be seeking an expert for his own benefit to provide evidentiary support for his religious dietary claims. Rule 706 does not provide for the appointment of an expert to assist Plaintiff in developing his claims. *See, e.g., Wilkins v. Barber*, 562 F. Supp. 3d 943, 946 (E.D. Cal. 2021) ("Courts do not invoke Rule 706 simply to 'appoint an expert on behalf of an indigent civil party.'") (quoted source omitted).

Plaintiff's motion is also premature. "Ultimately, the most important question a court must consider when deciding whether to appoint a neutral expert witness is whether doing so will promote accurate factfinding." *Gorton v. Todd*, 793 F. Supp. 2d 1171, 1179 (E.D. Cal. 2011) (citation omitted). The Court cannot answer that question at this juncture as this matter is still at a very early stage of litigation, despite the fact that the case has been pending for a significant period of time. Discovery is currently ongoing, and Defendants make clear that they intend to file motions for summary judgment at an appropriate time. (*See* dkt. ## 105 at 2, 107 at 4.) A determination as to whether the issues are so complex as to require the assistance of a neutral expert will likely not be possible until the Court has an opportunity to review the evidence and arguments presented by the parties on summary judgment. *See Wilkins*, 562 F. Supp. 3d at 947; *Estrada v. Rowe*, 2011 WL 249453, at *5 (N.D.Cal. Jan. 25, 2011). In sum, the Court finds Plaintiff's request for the appointment of a neutral expert premature and otherwise unwarranted at this time.

//

//

**C. Conclusion**

Based on the foregoing, the Court hereby ORDERS as follows:

(1) Plaintiff's motion for appointment of counsel (dkt. # 100) is DENIED.

(2) Plaintiff's motion for appointment of a neutral expert under Rule 706 (dkt. # 102) is also DENIED.

(3) The Clerk is directed to send copies of this Order to Plaintiff, to counsel for Defendants, and to the Honorable Lauren King.

DATED this 27th day of October, 2026.

MICHELLE L. PETERSON
United States Magistrate Judge